# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-11021

United States Court of Appeals
Fifth Circuit

**FILED**

November 10, 2015

Lyle W. Cayce
Clerk

JAMES BELL MCCOY, SR.,

Petitioner-Appellant

v.

WILLIAM STEPHENS, DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL
JUSTICE, CORRECTIONAL INSTITUTIONS DIVISION,

Respondent-Appellee

Appeals from the United States District Court
for the Northern District of Texas
USDC No. 3:09-CV-405

Before DAVIS, JONES, and HAYNES, Circuit Judges.

PER CURIAM:*

James Bell McCoy, Texas prisoner # 1299701, was convicted of aggravated sexual assault of a child and was sentenced to 35 years in prison. McCoy filed an appellate brief challenging the district court's denial of his second motion to recuse a district judge.

To the extent that the brief could be construed as a motion for a certificate of appealability (COA), this court has previously held that a COA is not required

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-11021

to appeal the denial of a motion to recuse. *See Trevino v. Johnson*, 168 F.3d 173, 176-78 (5th Cir. 1999). A COA is therefore unnecessary.

The denial of a motion to recuse is reviewed for abuse of discretion. *Matassarin v. Lynch*, 174 F.3d 549, 571 (5th Cir. 1999). McCoy only sets forth conclusional allegations that the district court judge was biased. Moreover, to the extent that McCoy relies on adverse judicial rulings to support his argument that the district court judge should be recused, adverse judicial rulings alone do not support an allegation of bias or partiality. *See Liteky v. United States*, 510 U.S. 540, 555 (1994). Thus, McCoy has not shown that the district court abused its discretion in denying the motion to recuse. *See Matassarin*, 174 F.3d at 571. Accordingly, a COA is DENIED as unnecessary, and the district court's order denying McCoy's motion to recuse is AFFIRMED. Furthermore, McCoy is WARNED that future frivolous or repetitive filings may result in the imposition of sanctions, including dismissal, monetary sanctions, and restrictions on his ability to file pleadings in this court or any other court subject to this court's jurisdiction.